IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MITCHELL LARKINS,**

   *Plaintiff*,

v.                                                                 Case No.: 4:23cv307-MW/MAF

**BUDDY MONEY, in his official
capacity as Sheriff of Liberty County,
Florida,**

   *Defendant*.
_____/

## ORDER GRANTING PLAINTIFF'S REQUEST TO STRIKE IMPROPERLY DISCLOSED WITNESSES

This Court has considered, without hearing, Plaintiff's motion to strike, ECF No. 23, and Defendant's response in opposition, ECF No. 31. Plaintiff moves to strike seventeen witnesses Defendant's counsel disclosed in an amended Rule 26 report on March 11, 2024—four days before the close of discovery. Defendant responds that his failure to disclose these witnesses earlier was due to Defense counsel's error. Further, Defendant argues that the error was harmless because any prejudice to Plaintiff would be cured by extending the discovery deadline. For the reasons below, Plaintiff's motion is **GRANTED**.

When a party fails to fulfill the requirements of Rule 26, a court may forbid the use of improperly disclosed information at trial.[1] *See* Fed. R. Civ. P. 37(c)(1). This rule contains two exceptions—where the failure is "substantially justified or harmless." In determining whether the failure is justified or harmless, this Court considers "the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009).

In Defendant's response in opposition to Plaintiff's motion, Defendant's counsel notes that he learned of additional witnesses "[a]round December 2023." Three months later, in March 2024, Defendant's counsel "realized he had failed to amend his disclosures with the additional witnesses." *Id.* In short, Defendant's counsel gives no reason whatsoever for the delayed realization, let alone a reason that "substantially justifies" the delay. It may be a different story had Defendant's counsel attempted to provide an explanation—but that did not happen here.

Moreover, it would be a different calculation for this Court if the amended disclosure added one, two, or even a few additional witnesses. Instead, the amended

---

[1] To offset any argument that Defendant complied with Rule 26 because the amended disclosure was filed before the discovery deadline, this Court points to Federal Rule of Civil Procedure Rule 26(e)(1)(A), requiring a party to supplement or correct its disclosure "in a timely manner."

2

disclosure lists seventeen new witnesses, all of whom are said to "ha[ve] knowledge of Plaintiff's performance deficiencies." ECF No. 19 at 2–4. Based on this vague description of the newly disclosed witnesses' knowledge, there is no way for Plaintiff—or this Court—to discern the importance of the information. In other words, Plaintiff cannot meaningfully determine which of these witnesses he need depose, if any. The time and expense incurred from deposing all seventeen witnesses four days before the close of discovery is prejudicial to Plaintiff.

Accordingly, the improperly disclosed witnesses are barred from testifying at trial. This Court understands that barring witnesses from testifying at trial is an extreme remedy. But the discovery deadlines exist for a reason. If a party were allowed to skirt this Court's deadlines by making eleventh hour disclosures of witness lists nearly the length of an Australian football team roster, nothing would prevent the practice from becoming widespread. This practice would unfairly prejudice the other party and would delay the administration of justice.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's motion to strike, ECF No. 23, is **GRANTED**.

2. The witnesses numbered 7–23 in Defendant's amended Rule 26 disclosure, ECF No. 19, are precluded from testifying at trial.

**SO ORDERED on April 23, 2024.**

<u>s/Mark E. Walker</u><br>
**Chief United States District Judge**